IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
ANGELINA COLON,

                Plaintiff,                                  CIVIL ACTION NO
vs.                                                       COMPLAINT

HERSHA HOSPITALITY MANAGEMENT L.P.,
d/b/a MYSTIC MARRIOTT and IVAN ALBANO,
in his individual and professional capacities,
                                                            JURY TRIAL DEMANDED

                Defendants.                                    MAY 16, 2024

---------------------------------------------------------x

## **COMPLAINT**

The Plaintiff ANGELINA COLON ("Plaintiff") by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendants HERSHA HOSPITALITY MANAGEMENT L.P., d/b/a MYSTIC MARRIOTT ("Defendant HHM") and IVAN ALBANO ("Defendant Albano"), in his individual and professional capacities, respectfully alleges upon information and belief as follows:

### **NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by federal and state law, and complains for the <u>following counts as to Defendant Hersha Hospitality Management, L.P. d/b/a/ Mystic Marriott only</u>: (i) discrimination based on sex and prior complaints under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.§§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); (ii) retaliation under Title VII; (iii) discrimination based on gender/sex and prior complaints under the Connecticut Fair EmploymentPractices Act, Conn. Gen. Stat. § 46a-60 *et seq.* ("CEFPA"); (iv) retaliation under

CEFPA, (v) breach of the covenant of good faith and fair dealing; and the following <u>counts as to all Defendants</u> for (vi) intentional infliction of emotional distress and the following <u>counts only as to Defendant Ivan Albano</u> for (vii) assault; and (viii) battery.

2. Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

3. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4. This Court has jurisdiction as this case involves a federal question under Title VII, 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. This Court has supplemental jurisdiction under the State laws of Connecticut. This Court has supplemental jurisdiction over Plaintiff's related claims arising under CEFPA and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of her employment, and Defendant was and is located in this District.

7. Plaintiff filed claims with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about June 13, 2023, against Defendant Hersha Hospitality Management, L.P. d/b/a/ Mystic Marriott (CHRO Case No. 2440026 – EEOC No. 16A-2023-01357).

8. On February 21, 2024 the EEOC issued Plaintiff a Notice of Right to Sue annexed hereto as **Exhibit A**.

9. On February 16, 2024, the CHRO issued Plaintiff a Release of Jurisdiction, annexed

hereto as **Exhibit B**.

## THE PARTIES

10.     At all relevant times Plaintiff was and is a resident of the State of Connecticut and was and is a former employee of Defendant HHM.

11.     Defendant Hersha Hospitality Management, LP is a Limited Partnership formed under the laws of the Commonwealth of Pennsylvania, with a corporate headquarters located at 2001 Market Street, Suite 3500, Philadelphia, PA 19103.

12.     Defendant Hersha Hospitality Management, LP does business in Connecticut as Mystic Marriott and operates a Mariott hotel located at 625 North Road (Route 117), Groton, CT 06340

13.     Defendant Ivan Albano was an employee of the Defendant HHM and was employed by HHM as a temporary Taskforce Front Office Manager through a contract services agency Strategic Solution Partners, Defendant Albano was employed by HHM Hotels from September 19, 2022 to February 5, 2023, and upon information and belief was and is a resident of the State of Texas.

14. Defendants HHM and Albano collectively referred to hereinafter as the ("Defendants").

## BACKGROUND FACTS

15.     Plaintiff's sex/gender is female.

16.     Plaintiff commenced employment at the Mystic Mariott hotel as a front desk employee on or about June 9, 2022 .

17.     Defendant HHM employed Defendant Albano as a Task Force Manager.

18.     Albano frequently sexually harassed Plaintiff at work.

19.     For example, Albano sexually harassed Plaintiff, on November 27, 2022, Albano touched

3

Plaintiff by putting his hands on Plaintiff's lower waist while giving her an unwanted hug at the workplace.

20. Albano invaded Plaintiff's personal space with frequent touches and hugs.

21. Plaintiff was uncomfortable and in shock by Albano's hugs.

22. Albano's hugs were unwanted and offensive touching of Plaintiff.

23. Plaintiff feared apprehension of imminent harm by Albano.

24. Albano frequently went out of his way to interact with Plaintiff while she was doing her job.

25. Albano's hugs of Plaintiff were witnessed by Defendant HHM Assistant General Manager.

26. Plaintiff asked Albano to stop speaking to her and not touch her anymore, however Albano continued his harassment of Plaintiff.

27. Plaintiff informed Defendant HHM's managers Jack Calabro - Assistant General Manager, Cindy Jones - Front Office Manager and Charles Botto - General Manager regarding Albano's sexual harassment and asked that her complaint remain confidential.

28. Defendant HHM management spoke with Albano about sexually harassing Plaintiff and specifically about the November 27, 2022 hugging/touching incident and were aware of his inappropriate behavior but did not discipline or otherwise prohibit Albano from working with Plaintiff or interacting with her.

29. After the November incident Defendant HHM was fully aware of Defendant Albano's proclivities to sexually harass Plaintiff including unwanted touching but failed to take action.

30. Albano did not change his act, and in fact got worse as time progressed.

31. On December 2, 2022, Albano came up from behind Plaintiff and hugged her again against her will.

32. Plaintiff was shocked and froze when Albano hugged her.

33. Plaintiff immediately reported the incident to management via text message (Cindy Jones Front Office Manager).

34. Jones admitted to witnessing the hugging and inappropriate behavior by Albano against Plaintiff and that Plaintiff was clearly visibly uncomfortable.

35. Jones offered to speak with Albano about his behavior, but again, Albano was still not suspended, disciplined, transferred or otherwise reprimanded for his egregious repeated sexual harassment at the workplace.

36. Upon information and belief Defendant HHM failed to provide Albano with sexual harassment training as mandated by the State of Connecticut.

37. Defendant did not attempt to adequately investigate the claims of sexual harassment.

38. Plaintiff again complained to management after Albano sexually harassed her again on December 2, 2022.

39. Plaintiff made several written complaints regarding Albano's sexual harassment to Defendant HHM's Human Resources ("HR") department and spoke with Amanda Pulsifer regarding her complaints.

40. Defendant HHM still failed to thoroughly investigate Plaintiff's complaints, and incredibly, upon information and belief, extended Albano's period of employment term for six months.

41. Making matters worse, Albano sexually harassed Plaintiff again on January 14, 2023 by

5

making verbal sexualized comments about Plaintiff's body that made her feel uncomfortable, after Albano dangerously swung an office door open almost striking Plaintiff from behind, and Plaintiff said "excuse me" and Albano stated that "the door would have bounced off of you anyways" as a clear reference to Plaintiff's buttocks and the door bouncing off her buttocks.

42. Plaintiff requested the Defendant HHM's sexual harassment policy on at least three occasions in writing to Defendant HHM's HR representative (temporarily covering the HR role at the Mystic Marriott) Giochino Calabro.

43. Defendant HHM refused to provide Plaintiff a policy – rather pointed her to their handbook and failed to engage in an interactive process with Plaintiff.

44. On January 20, 2023, Defendant HHM's HR (Pulsifer) spoke with Plaintiff by telephone. Plaintiff expressed her complaints of sexual harassment to HR on that phone call and also expressed her discontent with Defendant HHM's response to her serious complaints of sexual harassment against Albano.

45. On January 21, 2023 Plaintiff again complained of sexual harassment and her discontent with the Defendant HHM's response in addressing Albano in response to her repeated sexual harassment complaints.

46. To make matters even worse, Defendant HHM failed to keep Plaintiff's complaints of sexual harassment against Albano confidential.

47. For example, on or about January 25, 2023, Analise (a Starbucks attendant within the Mystic Marriott) approached Plaintiff at the front desk and proceeded to inform Plaintiff "I'm going to sexually harass you in a minute."

48. Upon information and belief Defendant HHM failed to adhere to its own policy regarding

handling of confidential complaints of sexual harassment from employees like Plaintiff.

49.     Analise taunted and threatened to sexually harass Plaintiff due to her prior complaints against Albano.

50.     Plaintiff immediately went to Jack Calabro the Assistant General Manager's office to report Analise's threats of sexual harrassment and what had just occurred.

51.     Calabro asked Plaintiff to write a statement and sent her home early because Plaintiff was clearly distraught.

52.     Plaintiff elevated her complaint to upper management specifically complained to several managers including Hiram Negron, Joe Blank and Christopher Doyle via email on January 26, 2023, after she had raised several written and verbal complaints to her immediate management and HR.

53.     After the January 25, 2023, sexual harassment of Plaintiff, Defendant HHM failed to take remedial action to prevent Plaintiff from being sexually harassed at work.

54.     Defendant HHM retaliated against Plaintiff by failing to investigate her meritorious complaints of sexual harassment against Albano or Analise.

55.     Plaintiff felt unsupported by Defendant HHM.

56.     Plaintiff fully cooperated with Defendant HHM in every aspect, however the interaction from HHM was minimal at best and HHM failed to take appropriate steps to ensure Plaintiff's claims of sexual harassment were vetted.

57.     Defendant HHM purportedly failed to corroborate Albano's sexual harassment of Plaintiff.

58.     After Plaintiff's repeated complaints of sexual harassment, Plaintiff could no longer take

hostile work environment and Defendant HHM's repeated failure to stamp out sexual harassment at it's the workplace by multiple harassers and was constructively discharged from Defendant HHM in or around February 18, 2023.

59. Defendant HHM failed to provide Plaintiff a workplace free from discrimination and discriminated against her on the basis of her sex and prior complaints in violation of Title VII and CFEPA.

60. Defendant HHM as an employer intentionally created a dangerous condition that made Plaintiff's injuries substantially certain to occur, by permitting Albano to be in the presence of Plaintiff even after his unwanted hugs and severe and pervasive sexual harassment.

61. Defendant HHM' s and Albano's conduct was extreme and outrageous because Plaintiff was put in a position were Albano could inflict emotional distress through physical contact and sexual harassment.

62. Defendant HHM further failed to ensure Plaintiff's privacy after she reported the sexual harassment on multiple basis and nothing sufficient was done to prevent further harm by Albano to an extreme degree, exceeding all bounds of decency in our civil society.

## AS AND FOR A FIRST COUNT
## FOR DISCRIMINATION UNDER TITLE VII as to Defendant HHM

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin; . . .

65. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sex/gender discrimination and causing a hostile work environment.

66. Defendants violated the above and Plaintiff suffered numerous damages as a result.

67. The employer Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AND FOR A SECOND COUNT
### FOR RETALIATION UNDER TITLE VII
### as to Defendant HHM

68. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of h[er] employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

70. The employer Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practice.

71. Defendant violated the above and Plaintiff suffered numerous damages as a result.

9

## AS AN FOR THE THIRD COUNT
## DISCRIMINATION IN VIOLATION OF CONN.
## GEN. STAT. § 46a60(a)(1) as to Defendant HHM

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

73. Plaintiff was treated in a disparate manner in the terms and conditions of their employment,on the basis of sex/gender, and prior complaints.

74. The employer Defendants' conduct is unlawful and in violation of CFEPA.

75. As a result of the employer Defendants' unlawful conduct, Plaintiff has suffered, and willcontinue to suffer damages, including but not limited, to substantial lost wages, fringe benefits,health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

76. Plaintiff seeks damages as a result of Defendants' unlawful conduct.

## AS AND FOR THE FOURTH COUNT
## RETALIATION IN VIOLATION OF CONN.
## GEN. STAT. §46a-60(a)(4) as to Defendant HHM

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

78. Plaintiff engaged in protected activity under the CFEPA by complaining to Defendant about harassment and discrimination.

79. Defendant created a hostile work environment due to Plaintiff's employment because of her prior complaints.

80. The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to unlawful discrimination.

81. The Defendants' actions violate CFEPA.

82. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

**AS AND FOR THE FIFTH COUNT**
**BREACH OF COVENANT OF**
**GOOD FAITH AND FAIR DEALING**
**as to Defendant HHM**

83. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84. The contractual relationship between the plaintiff and defendant included an implied covenant of good faith and fair dealing.

85. Based on said Covenant, Plaintiff has a reasonable expectation that the Defendant employer would treat the Plaintiff fairly and perform its obligation with fairness and good faith.

86. Defendant's bad faith impeded the plaintiff's ability to either perform her duties of employment or avail herself of the full benefits of employment.

87. The Defendant engaged in bad faith, as a consequence of agents and employees having engaged in retaliation, discrimination, harassment and creating and maintaining a hostile workenvironment.

88. By virtue of the defendant's actions, Plaintiff has been denied the reasonable opportunity to perform her obligation under her at-will contract for employment with the defendant.

89. The bad faith acts of the Defendant as alleged do not represent legitimate business decisions.

90. The terms of employment did not permit the Defendant 's actions and omissions with respect to the Plaintiff's employment.

## AS AND FOR THE SIXTH CAUSE COUNT
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS
## (as to All Defendants)

91. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92. The Defendants intended to inflict emotional distress, and/or that the Defendants knew or should have known that emotional distress was a likely result of their conduct.

93. Defendants' conduct was extreme and outrageous.

94. Defendants conduct was the cause of the plaintiff's distress.

95. Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

96. Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress as a result of the conduct.

## AS AND FOR THE SEVENTH COUNT
## BATTERY
## as to Defendant Ivan Albano only

97. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98. As described above, Defendant Albano made repeated offensive and unwanted contact with Plaintiff.

99. Defendant Albano intentional and unwanted offensive contact with Plaintiff was of the nature that it offended a reasonable sense of Plaintiff's personal dignity.

100. Plaintiff suffered damages as a result of said tortious conduct.

### AS AND FOR THE EIGHTH COUNT
### ASSAULT
### as to Defendant Ivan Albano only

101. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

102. As described above, Defendant Albano caused Plaintiff to fear apprehension of imminent harm.

103. Plaintiff has suffered damages as a result of Defendant Albano's tortious conduct.

### DEMAND FOR A JURY TRIAL

104. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on allclaims in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and inwillful violation of the aforementioned federal; and state laws;

B. Awarding Plaintiff compensatory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff costs and disbursements incurred in connection with this action,including reasonable attorneys' fees, expert witness fees, and other costs;

E.    Pre-judgment and post-judgment interest, as provided by law; and

Dated: New York, New York
May 16, 2024

By:

*Christopher J. Berlingieri*
Christopher J. Berlingieri
(ct 30335)
BERLINGIERI LAW, PLLC
*Attorneys for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.:(347) 766-5185
Email: cjb@nyctlaw.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/21/2024

**To:** Angelina Colon
5 Grandview Court
Norwich, CT 06360

Charge No: 16A-2023-01357

EEOC Representative and email:   MARIANNE MONTLER
Supervisory Investigator
Marianne.Montler@EEOC.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Yaw Gyebi, Jr.
02/21/2024

Yaw Gyebi, Jr.
District Director

**Cc:**

Hersha Hospitality Management
ATTN: Joseph Heck
2001 marke st., ste 3500
Philadelphia, PA 19103


Christopher Berlingieri
244 Fifth Ave., Ste F276
New York, NY 10001


Please retain this notice for your records.

# EXHIBIT B

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>**Angelina Colon**</u>
**COMPLAINANT**

CHRO No. 2440026

vs.                                                                                     EEOC No. 16A202301357

<u>**Hersha Hospitality L.P., d/b/a Mystic Marriott**</u>
**RESPONDENT**

## <u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

DATE:  <u>February 16, 2024</u>              Tanya A. Hughes, Executive Director

cc:
  Complainant's Attorney: Christopher Berlingieri, Esq.
          cjb@nyctlaw.com

  Respondent's Contact.: Joseph Heck, VP HR
          Joseph.heck@hhmhotels.com

  Case File

.